MARY E. PROSPERT vs. R. I. SUBURBAN RAILWAY COMPANY.

JUNE 27, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Common Carriers.  Duty to Passenger when Car stopped by Snow.*

A carrier is not guilty of negligence in failing to further operate its car after it has been stopped by the snow, having exhausted all its power in the effort to move the car from time to time against the accumulation of the snow, and, where there is no evidence to show that the removal of a passenger from the car could have been safely made at any time before it was actually done, the carrier having carried the passenger as far as it could by the exercise of its power and the appliances at its disposal, has done all that could be required to carry out its legal duty to such passenger.

TRESPASS ON THE CASE for negligence.    Heard on petition of plaintiff for new trial, and denied.

PARKHURST, J.    This is an action of trespass on the case for negligence.    The case was tried before a jury in the Common Pleas Division, on the 16th day of May, 1904, and after the plaintiff had submitted her evidence the defendant's counsel moved that a verdict be directed for the defendant.    This motion was granted by the court, and a verdict was accordingly directed, and to this ruling the plaintiff duly excepted.

The case now comes up on the plaintiff's petition for a new trial, based upon exception to the aforesaid ruling and claiming that the same was erroneous.

The declaration alleged that the plaintiff was, on December 13th, 1902, a passenger on one of the defendant's electric cars, and that "the said car then and there became and was stopped, and stalled in a certain deep snow and snowstorm and thereupon became and was very cold and of a temperature and condition dangerous to the health of any person remaining in the same while the same was unheated as aforesaid."

Said declaration further alleged that it was the duty of the defendant to then and there "use due care to transfer and forward the plaintiff to some place of shelter, and warmth, and where she would not be exposed to the aforesaid dangers of

said car." And the declaration averred that the defendant negligently allowed the plaintiff to remain in the condition aforesaid for a long time, to wit, about eleven and one-half hours, and that if the defendant had used due care, and made reasonable exertions to relieve the plaintiff from said dangerous situation, it could have done so; that the plaintiff was injured by said neglect and she herself was in the exercise of due care, and unable to transfer herself to a place of shelter and warmth on account of said deep snow and severe storm.

The plea was the general issue.

Evidence was introduced by the plaintiff to prove the allegations of fact contained in the declaration, and to the effect, also, that the car was stopped by the snow at different places from time to time as efforts to move the car were made and were partially successful; and that there were dwelling-houses near said places when the car was stopped, and that the plaintiff requested the conductor to apply to the residents of one or more of said houses for shelter for herself and her infant son; and that the conductor refused so to do until after three o'clock A. M. on the day after she took passage, when he did apply to a man who was walking in the road, and obtained admission for the plaintiff and her child, and another passenger, to a house nearby. No testimony is offered, however, to show just how near any one of the other houses was to the car, or whether it was possible for the conductor safely to convey the plaintiff and her baby to any one of these houses at the time of her request. It is as fair to suppose that the conductor did not attempt to assist the plaintiff to any of the other houses because of the danger of such attempt, as it is to say that he refused for any other reason. There is no testimony to show that the conductor himself left his car, or could leave it safely, for any distance, or at all, at such times.

The plaintiff claims that, under these circumstances, the general duty of the defendant to carry its passengers safely to their destination, including its duty to protect them from injury while in transit, is broad enough to include the further duty, in a case like the present, when the further operation of the car is prevented by the act of God, to place its passengers in

a position of warmth and shelter and to protect them from the effects of the elements; and that by reason of its failure so to do it was guilty of neglect of duty, and thereby became liable to the plaintiff for her injury and suffering.

No case has been cited where the duty of the carrier of passengers has been held to extend thus far; and counsel on both sides have assured us that they have made diligent search for such authority, and have found none; and none such has come to the attention of the court.

(1)   The contract of the defendant in this case was to carry the passenger safely to her point of destination, and so to conduct the operation of its cars as not to injure her by any willful act or negligence on the part of its employees. The defendant could not be held to be guilty of negligence in failing to further operate its car after it had been stopped by the snow, having exhausted all its power in the effort to move the car from time to time against the accumulation of the snow. It was not, then, guilty of negligence in not carrying the plaintiff to her destination; and having carried her as far as it could by the exercise of its power with the appliances at its disposal, it had done all that could be required to carry out its legal duty in her behalf.

It would indeed have been an act of humanity and kindness on the part of the conductor, as of any other person seeing the plaintiff helpless and exposed to injury from cold and snow, to have helped her to a place of safety, if possible; and the duty of so doing, resting in moral rather than in legal obligation, would have been a personal one, resting upon the conductor or the motorman as an individual, and not as an agent or servant of the defendant corporation, in the same way and to the same extent that it would have rested upon any individual, had the plaintiff seen fit to leave the car, and endeavor to struggle through the snow to a place of safety. The duty of assistance or rescue in distress in such case rests not in contract, or in legal obligation, but in moral obligation growing out of human relations and therefore, is not a proper ground of action for damages.

As stated above, there is no evidence to show that a removal

of the plaintiff and her infant son from the car could have been safely made at any time before it was actually done, and it may well be that the attempt, if made, would have caused greater injury than was actually suffered.

We are of the opinion that the court below· did not err in directing a verdict for the defendant upon the evidence before it. The plaintiff's petition for a new trial is denied, and the case is remitted to the Superior Court with direction to enter judgment upon the verdict.

*Page & Page & Cushing,* for plaintiff.

*Henry W. Hayes,* for defendant.